### In re BUCYRUS GRAIN CO., INC., Debtor.

### James S. WILLIS, Trustee for Bucyrus Grain Co., Inc., Plaintiff,

### v.

### John RYAN, Defendant.

### Bankruptcy No. 84–20269. Adv. No. 85–0016.

United States Bankruptcy Court, D. Kansas.

Jan. 13, 1986.

---

James S. Willis, Trustee, Kansas City, Kan., for plaintiff.

John P. Ryan, Jr., Grandview, Mo., for defendant.

C. Maxwell Logan, Overland Park, Kan., for debtor.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on July 10, 1985, on the trustee's complaint for recovery of accounts receivable. The complaint against the defendant John Ryan sought to recover an account receivable of $1,284.26 for goods delivered. The plaintiff-trustee James S. Willis and the defendant John Ryan both appear pro se.

Defendant objects to the jurisdiction of this Court, but did not file a motion to dismiss, nor a motion for summary judgment. The Court ruled it would interpret defendant's Answer as a motion to dismiss. Notwithstanding defendant's motion, the Court conducted an evidentiary hearing, and all matters are now ready for determination.

## FINDINGS OF FACT

Based on the exhibits, testimony of witnesses, and the pleadings and briefs filed herein, the Court finds as follows:

1. That on March 31, 1984, Bucyrus Grain Co., Inc. filed for bankruptcy relief under Chapter 7 of Title 11 United States Code.

2. That as of the date this bankruptcy proceeding was filed, defendant owed the debtor corporation the sum of $1,284.26 for the purchase of items listed on plaintiff's invoice. (See Pl.Exs. 1–6).

3. That although demand has been made upon defendant by plaintiff James S. Willis, duly appointed trustee, for the payment of this amount, defendant has refused to pay plaintiff for these goods.

## ISSUE

WHETHER THE TRUSTEE'S ACTION TO COLLECT AN ACCOUNT RECEIVABLE IS A CORE PROCEEDING, GIVING THIS COURT THE POWER TO ENTER A FINAL ORDER DISPOSING OF THE MATTER.

## CONCLUSIONS OF LAW

The jurisdictional question facing the Court is whether a federal bankruptcy court has the authority to hear a complaint for recovery of an account receivable in light of the Bankruptcy Amendments and Federal Judgeship Act of 1984, and the U.S. Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), hereinafter referred to as "Marathon".

It is provided in 28 U.S.C. § 157(b)(3) that:

"The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11."

Core proceedings, defined by 28 U.S.C. § 157(b)(2), permit bankruptcy judges to hear and enter final judgments as to proceedings involving "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power ..." *In re Marathon*, 458 U.S. 50, at 71, 102 S.Ct. 2858, at 2871.

Set forth in 28 U.S.C. § 157(b)(2) is a sampling of core proceedings including,

"orders to turn over property of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship, except personal injury tort or wrongful death claims."

On the other hand, non-core or "related cases" are not defined by the Bankruptcy Code, but the Tenth Circuit Court of Appeals has said,

"Related proceedings ... are [those] adversary cases or controversies which are triable only by Article III courts or state courts ... [They are] traditional state common-law action[s], not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law ..." *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283 (10th Cir.1984) at 1285.

Non-core cases may be heard by the Bankruptcy Court, but the Court may not enter a final order or judgment unless the parties consent to the Court's jurisdiction.

In the case at bar, the Court is confronted with a dispute surrounding an account receivable. The Court recognizes that there appears to be a split of authority on whether an action to collect an account receivable is a core or "non-core" proceeding. *In re Lion Capital Group*, 46 B.R. 850 (Bankr.S.D.N.Y., 1985) (core); *In re Franklin Computer Corporation*, 12 C.B. C.2d 1447, 50 B.R. 620 (Bankr.E.D.Penn., 1985) (core); *Matter of Baldwin United Corp.*, 48 B.R. 49 (Bankr.S.D.Ohio, 1985) (turn over action to collect installment loan is core matter), but see contra: *In re Atlas Automation, Inc.*, 42 B.R. 246 (Bankr.E.D. Mich., 1984); *Matter of George Woloch Co., Inc.*, 49 B.R. 68 (Bankr.E.D.Penn., 1985) (non-core); *In re B & L Oil Co.*, 12 B.C.D. 865, 46 B.R. 731 (Bankr.Colo.1985) (non-core); *In re WWG Industries, Inc.*, 44 B.R. 287 (D.C.N.D.Georgia, 1984).

The Court finds here that the trustee is charged with the duty to collect property of the estate for the purpose of liquidation and distribution of assets for the benefit of the creditors. The Court held in *In re Franklin Computer Corporation*, 12 C.B. C.2d 1447 at 1454-55, 50 B.R. 620 at 625:

"When the debtor has been in business a substantial portion of its assets are in the form of accounts receivable. The prompt collection of these assets is often essential to the administration of the bankruptcy or reorganization process since the funds represented by the accounts are typically needed to meet the estate's expenses in advancing the administration of the case ... [11 U.S.C.] § 157(b)(2)(A) provides that core proceedings include, but are not limited to 'matters concerning the administration of the estate.' Since the rapid resolution of this type of litigation is often essential to the sound administration of the estate, § 157(b)(2)(A) weighs in favor of finding that questions on accounts receivable are core matters. *Baldwin United Corp. v. Thompson (In Re Baldwin United Corp.)*, [12 C.B.C.2d 378] 48 B.R. 49 (Bankr.S.D.Ohio 1985)."

In exercising its discretion in this regard, the Court is to be guided by what will best assure an economical and expeditious administration of the debtor's estate. *In re Eastern Freight Ways*, 577 F.2d 175 at 183, (2nd Cir., 1978); *International House of Pancakes, Inc. v. American Druggists' Insurance Company*, 22 B.R. 926 (Bankr. N.D.Ill., 1982).

To require the parties to relitigate this matter in state court would undermine judicial economy and would impose an administrative burden upon the bankruptcy estate, defeating the goal of maximizing the recovery of assets for the creditors. The collection of a debtor's account receivable is a critical part of the administration of the bankruptcy estate traditionally pursued by the Bankruptcy Court. The Court therefore finds that this is a core proceeding, and that it may enter a final judgment upon this matter.

IT IS THEREFORE, BY THE COURT, ORDERED That judgment is granted in favor of the plaintiff trustee for the amount of $1,284.26, and against the defendant John Ryan.

IT IS FURTHER, BY THE COURT, ORDERED That the defendant Ryan's motion to dismiss be and the same is hereby denied.