**In re R.I. LITHOGRAPH CORPORATION, Debtor.**

**R.I. LITHOGRAPH CORPORATION, Plaintiff,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**Bankruptcy No. 8300453.**
**Adv. No. 830245.**

United States Bankruptcy Court,
D. Rhode Island.

April 14, 1986.

Allan M. Shine, Moss Patashnik, Winograd, Shine & Zacks, P.C., Providence, R.I., for plaintiff-debtor.

Amedeo C. Merolla, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, R.I., for plaintiff-debtor.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for defendant.

Michael T.F. Wallor, Hanson, Curran & Parks, Providence, R.I., for defendant.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the objection of Aetna Casualty and Surety Company to the resolution of the issues in this proceeding by jury trial in the Bankruptcy Court, and on Aetna's motion to transfer the matter to the United States District Court for the District of Rhode Island, for trial.

## TRAVEL

1. On August 18, 1982, R.I. Lithograph Corporation (RILC) filed a complaint against Aetna Casualty and Surety Company (Aetna) in Providence County Superior Court (C.A. No. 82–3177), claiming damages in the amount of $450,000 for Aetna's alleged breach of its obligations under an insurance contract, and $5,000,000 in punitive damages. RILC claimed a jury trial.

2. While the state court suit was pending, RILC filed a Chapter 11 petition, on June 21, 1983.

3. On July 20, 1983, RILC filed an application for removal to the Bankruptcy Court of the pending state court action (C.A. No. 82–3177), pursuant to 28 U.S.C. § 1478(a) (current version at 28 U.S.C. § 1452). The matter was removed to the Bankruptcy Court on August 3, 1983, over Aetna's objection, and was designated as an adversary proceeding (AP No. 830245).

4. On September 15, 1983, District Judge Bruce M. Selya denied Aetna's motion for leave to appeal the August 3 order of this Court granting the application for removal, and ordered that "the matter ... proceed forward in the United States Bankruptcy Court for the District of Rhode Island." (Misc. No. 83–119S).

5. On April 16, 1984, Aetna filed a motion, objecting to assignment of the matter for jury trial in the Bankruptcy Court, and requesting transfer to the District Court.

6. We filed a proposed order on April 26, 1984 vacating the May 7, 1984 trial date, sustaining Aetna's objection to trial by jury in the Bankruptcy Court, and transferring the adversary proceeding to the District Court. In so ruling, we determined that the matter was a "related proceeding," within the meaning of the "Emergency Rule," Local Rule 53, which was in effect at the time.[1]

---

1. Former Local Rule 53 D(3) (The "Emergency Rule")

(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of an objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings in respect to lifting of the automatic stay; proceedings to set aside preferences and fraudulent conveyances; proceedings to determine the dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceed-

7. On August 6, 1984, District Judge Selya rejected the proposed order and remanded the proceeding to the Bankruptcy Court "for reconsideration in light of the Act" (Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333) (C.A. No. 84–0196S).

## ISSUES

In carrying out Judge Selya's mandate, we perceive the issues before us for determination to be 1) whether the dispute between Aetna and RILC is a core or related proceeding under 28 U.S.C. § 157 (quoted below); and 2) if the matter is determined to be a related proceeding, is the Bankruptcy Court the appropriate forum in which to conduct a jury trial.

At a conference held on November 21, 1985, the parties waived hearing and oral argument, and agreed to submit these questions for determination upon memoranda.

## DISCUSSION

RILC contends that the suit in question is a core proceeding which may be tried before a jury in the Bankruptcy Court. In the alternative, RILC argues that if this matter is determined to be a related proceeding, then the reference should be withdrawn and a jury trial should be held in the District Court. RILC agrees with Aetna that if the matter is determined to be a related proceeding, then a jury trial in this Court would be inappropriate. Memorandum of RILC in Response to Aetna's Motion to Transfer and Objection to Jury Trial at 12, January 3, 1986.

Aetna argues that the subject matter is clearly a non-core proceeding and submits, without conceding, that even if the Bankruptcy Court has jurisdiction to conduct a jury trial in such a case, to do so would be highly impractical and not serve the ends of justice. Aetna's Memorandum in Support of Motion to Transfer and Objection to Jury Trial in Bankruptcy Court at 7, January 6, 1986. Aetna, also desirous of a jury trial—but not in the Bankruptcy Court—argues that the matter should be remanded to the state court, where it was commenced, or in the alternative, that this Court should withdraw the reference so that a jury trial may be held in the District Court.

*Jurisdictional Framework*

The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, expanded the jurisdiction of bankruptcy courts, without granting Article III status to bankruptcy judges. The constitutional concerns which had preceded the broad grant of jurisdiction to non-Article III judges were quickly addressed in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in which the Supreme Court struck down § 241(a) of the Bankruptcy Reform Act of 1978 (which added former § 1471 to title 28 of the United States Code).[2] To fill the gap until Con-

---

ings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

(B) In related proceedings, the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

**2.** § 1471. Jurisdiction

(a) Except as provided in susbsection [sic] (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a

gress acted to reconstitute the bankruptcy courts (or adopt other valid means of adjudicating bankruptcy matters), the Judicial Conference of the United States recommended the Model "Emergency Rule," *see infra* n. 1, which was adopted as a local rule by the district courts, and which remained in effect, with extensions, until June 27, 1984. The Bankruptcy Court was in a state of jurisdictional limbo from June 27, until July 10, 1984, when the Bankruptcy Amendments and Federal Judgeship Act of 1984 was finally, belatedly signed into law. *See* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–14, 15 (15th ed. 1985).

Resolution of the issues raised here does not require a lengthy or comprehensive analysis of the changes effected by the 1984 amendments. Briefly, under 28 U.S.C. § 1334,[3] district courts were granted jurisdiction over all cases under title 11, and all civil proceedings arising under title 11, or arising in or related to cases under title 11. Pursuant to 28 U.S.C. § 157(a), the district courts

> may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

On July 18, 1984, the United States District Court for the District of Rhode Island entered a Standing Order which provides for the automatic referral to the Bankruptcy Court of those categories of cases and proceedings listed in 28 U.S.C. § 157(a).

Whether a bankruptcy court is empowered to enter final orders and judgments depends upon the characterization of the proceeding as core or related:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding ... or is a proceeding that is otherwise related to a case under title 11.

28 U.S.C. § 157(b)(3).

If the proceeding is determined to be core, final orders and judgments may be entered by the bankruptcy court, subject to appellate review in the district court. In related proceedings, the bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court, with final orders or judgments to be entered by the district court after it reviews de novo those findings to which any party has timely and specifically objected. In addition, the parties may, by their consent, empower the bankruptcy court to enter a final order or judgment in a related proceeding, which order or judgment would then be subject to appellate review by the district court, in the same manner as if it had been entered in a core proceeding. *See* 28 U.S.C. § 157(c).[4]

---

> decision not to abstain, is not reviewable by appeal or otherwise.
>
> (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

**3.** § 1334. Bankruptcy cases and proceedings

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**4.** § 157. Procedures

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
>
> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

This newly-created distinction in the bankruptcy court's role in *core* versus *related* proceedings is the essence of the jurisdictional system designed by Congress in the wake of the Supreme Court's invalidation of 28 U.S.C. § 1471, under Article III of the Constitution. *See Marathon, supra. See also Lesser v. A–Z Associates (In re Lion Capital Group)*, 46 B.R. 850 (Bankr.S.D.N.Y.1985).

### Core or Related?

The dispute in question involves an insurance contract, under the terms of which Aetna was obligated to reimburse or indemnify RILC for certain losses incurred by it during the policy period. The complaint alleges that in August 1981, RILC's plant was vandalized, and as a result it was unable to conduct business for an extended period of time. The vandalism, business interruption, and resulting loss of earnings are alleged contingencies for which RILC was insured. RILC maintains that it fully complied with the terms and conditions of the policy (by notifying Aetna of its losses and filing a proper proof of claim) but that Aetna refuses to pay.

28 U.S.C. § 157(b)(2) provides a list (not all inclusive) of core proceedings.[5] Non-core (related) proceedings are not defined by the Bankruptcy Code, but are generally considered to be

adversary cases or controversies which are triable only by Article III courts or state courts.... [They are] traditional state common-law action[s], not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law ... (citation omitted).

*Willis v. Ryan (In re Bucyrus Grain Co., Inc.)*, 13 B.C.D. 1228, 1229, 56 B.R. 204 (Bankr.D.Kan.1986).

The debtor argues that the adversary proceeding in question is a core proceeding under 28 U.S.C. § 157(b)(2)(O)—"other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship"—because

RILC's claim against Aetna is an asset of the estate and this adversary proceeding obviously affects the liquidation of that asset as well as the relationship between the debtor and its creditors under the confirmed plan.

Memorandum of RILC in Response to Aetna's Motion to Transfer and Objection to Jury Trial at 8.

To our regret, we are unable to agree that RILC's action against Aetna seeking reimbursement and/or indemnification for losses allegedly covered under a contract of insurance is a core proceeding. While RILC's cause of action represents a potential asset of the estate, that alone does not

---

5. § 157. Procedures

(b)(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

render this a core proceeding under § 157(b)(2)(O):

> Another example of a non-core 'related' proceeding is that involved in *Marathon* itself; that is, a cause of action owned by the debtor at the time the title 11 case is commenced, and which becomes part of the estate created by section 541 of the Bankruptcy Code.

1 *Collier on Bankruptcy* ¶ 301 at 3–26 (15th ed. 1985).

We recognize, of course, that the successful prosecution of this claim would bring a substantial asset into the estate and would impact upon the administration and size of the estate, since any recovery is directly incorporated into the confirmed plan.[6] These are factors which render this a related proceeding. *Cf. Turner d/b/a Bunni's Diamond Inn v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir.1983) (post-petition conversion action instituted by Turner (the debtor), in her own name, was not related to her Chapter 11 case where proceeds would not be part of the estate). But we see it improper, under the guidelines with which we have been provided, to treat the instant unliquidated dispute as a core proceeding. *See Mohawk Industries, Inc. v. Robinson Industries, Inc.*, 46 B.R. 464, 465–466 (D.Mass.1985):

> It is true that debtor's breach of warranty claim can be thought of as a proceeding 'affecting the liquidation of the assets of the estate' because if debtor prevails the estate will have more assets to distribute to its creditors.... [T]his case can [also] be thought of as involving the adjustment of the debtor-creditor relationship. However, a close reading of [*Marathon* ] ... shows that such an interpretation would be unconstitutional ... (citation omitted).

*See also Pierce v. Airport Development Corp.*, 11 C.B.C.2d 1037, 44 B.R. 601

(D.Col.1984) (debtor's claim for breach of contract not a core proceeding).

■ In further argument that this is a core proceeding, RILC places great reliance on *In re Lion Capital Group, supra*, at 859, 860:

> The 'prime objective' of bankruptcy 'remain[s] the simple one of getting creditors paid.' Administrative matters, turn over [sic] proceedings to bring into the estate accounts receivable, insurance proceeds, and other matured debts payable on demand, and adjustment of debtor-equity security holder relationships are crucial to achievement of that goal (citations omitted).

This case clearly supports the view opposite to that taken by RILC. Precisely because Aetna disputes liability under the policy as to the amount claimed, this is not a turnover proceeding under 11 U.S.C. § 542(b)[7] (since there is no debt which is matured, payable on demand or payable on order), but rather, a cause of action sounding in contract which was owned by the debtor at the commencement of the case. The judicial liquidation of such an asset is not a core proceeding. *See Appel v. Mainstar Oil Company (In re B & L Oil Company)*, 12 B.C.D. 865, 46 B.R. 731 (Bankr.D.Col.1985); *cf. Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.)*, 48 B.R. 49 (Bankr.S.D Ohio 1985) (debtor's complaint seeking turnover of money owed on debt which was matured constituted core proceeding). *See also* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–32 (15th ed. 1985).

Additionally, while we recognize that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law," 28 U.S.C. § 157(b)(3), a factor that we may not overlook is that resolution of the issues in this dispute does

---

**6.** "[T]he claims of class 8 creditors shall receive, in full payment in satisfaction of their claims, a *pro-rata* share of ⅓rd of the [net] proceeds, if any, from the ongoing litigation against Aetna Casualty and Surety Company ... Docketed herein as Adversary Proceeding 83–245."

**7.** § 542. Turnover of property to the estate

(b) [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to ... the trustee....

not require the application of federal bankruptcy law. While some courts have found that Congress intended the core proceeding jurisdiction of bankruptcy courts to be construed as broadly as possible within the bounds of *Marathon, see, e.g., Atlas Fire Apparatus, Inc. v. Beaver (In re Atlas Fire Apparatus, Inc.)*, 13 B.C.D. 1304, 56 B.R. 927 (Bankr.E.D.N.C.1986), the fact is that *Marathon* was very similar to the dispute here, (a breach of contract action involving a purely state law cause of action), and Congress did not intend this type of case to be considered a core proceeding. *See Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.)*, 42 B.R. 246, 247 (Bankr.E.D.Mich.1984) (action for a money judgment on a disputed account receivable is a related proceeding). *See also Woloch Co., Inc. v. Longview Capital Plastic Pipe, Inc.*, 49 B.R. 68 (E.D.Pa.1985) (adversary proceeding to collect account receivable is a related proceeding).[8] Accordingly, for the reasons discussed above, and in accordance with the direction of the District Court to examine them, we reluctantly conclude that the 1984 amendments do not permit a modification of our prior holding that RILC's action against Aetna is a related proceeding.

*Jury Trial*

■ The narrow issue remaining then, is the propriety of our conducting a jury trial in Bankruptcy Court (in this related proceeding), over Aetna's objection.[9] On this point, the parties are in agreement that, even if it were determined that we have the constitutional and statutory authority to conduct jury trials without the consent of all parties (a question not free from doubt, and still unresolved in this jurisdiction, *see Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 799 (D.R.I.1986)), a jury trial in the Bankruptcy Court in this related proceeding, over Aetna's objection, would be particularly inappropriate, since any verdict or judgment would be subject to de novo review by the District Court:

> There is no direct prohibition under the Bankruptcy Amendments and Federal Judgeship Act of 1984 against jury trials being conducted by the bankruptcy court, but the inability of bankruptcy judges to enter final judgments, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical. A party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court (citation omitted).

*Smith-Douglass, Inc. v. Smith (In re Smith-Douglass, Inc.)*, 43 B.R. 616, 618 (Bankr.E.D.N.C.1984); *see also Mohawk Industries, Inc. v. Robinson Industries, Inc., supra*, at 466. Notwithstanding our willingness (indeed our preference) to conduct jury trials, to do so in this proceeding, already pending for over three and one half years, would further delay its final disposition.

Finally, we are unable to grant Aetna's request that we "withdraw reference of this matter so that a jury trial may be held before the United States District Court for the District of Rhode Island," Memorandum of Aetna in Support of Motion to Transfer and Objection to Jury Trial in Bankruptcy Court at 7, since withdrawal of a proceeding referred under 28 U.S.C. § 157(a) appears to be authorized only by the District Court, not the Bankruptcy Court. *See* 28 U.S.C. § 157(d).[10] Accordingly, this adversary proceeding should be transferred to the District Court for a de-

---

8. For cases holding that an action to collect an account receivable is a core proceeding, *see In re Bucyrus Grain Co., Inc., supra; Franklin Computer Corp. v. Harry Strauss & Sons, Inc. (In re Franklin Computer Corp.)*, 12 C.B.C.2d 1447, 50 B.R. 620 (Bankr.E.D.Pa.1985).

9. If a jury trial had not been claimed, this Court would have decided to hear this proceeding (which is related to a case under title 11), and issued proposed findings of fact and conclusions of law. *See* 28 U.S.C. § 157(c)(1), *supra*, n. 4.

10. § 157. Procedures

    (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

termination whether the reference should be withdrawn. Whether to conduct a jury trial in District Court (as requested by RILC), or to remand the matter to the state court where the action was initiated (as requested by Aetna) is an issue properly left to the discretion of the District Court. *See* 28 U.S.C. § 1452.[11] *See also* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–59, 60 (15th ed. 1985) ("[s]ince only the district court has the power to remand [a removed matter] under section 1452(b), the motion will probably have to be filed in the district court even though the civil action has been automatically referred ... the remand decision is now to be made by the district court").

Enter Order accordingly.

**11.** § 1452. Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power ... if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.