**In re SCHEAR & ASSOCIATES, INC., Debtor.**

**A. Jay CRISTOL, Trustee in Bankruptcy, Plaintiff.**

v.

**WESTERN BOOK DISTRIBUTORS, Defendant.**

**Bankruptcy No. 83–01211–BKC–TCB–X. Adv. No. 84–0742–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 4, 1985.

receivable earned by the debtor after bankruptcy, June 30, 1983, while this case was in chapter 11. The defendant is a California corporation which has moved for dismissal (C.P. No. 5) on the ground that this court lacks jurisdiction and alternatively, on the ground that the appropriate venue is in California.

This is a non-core related matter as to which the bankruptcy court has jurisdiction to hear evidence and prepare proposed findings, conclusions and a judgment for the consideration of the District Court. 28 U.S.C. § 157. Service was appropriately effected in accordance with B.R. 7004. This court has jurisdiction.

I agree with the defendant, however, that the appropriate venue is probably the district court in California which includes Alameda County. 28 U.S.C. § 1409(d). I doubt that the mere fact that the defendant placed an order with this debtor is sufficient predicate to subject defendant to jurisdiction within this district under applicable non-bankruptcy venue provisions. Improper venue, of course, is not a predicate for dismissal, but would merely require a transfer to the appropriate court.

However, irrespective of where the appropriate venue lies, I am convinced that this is a proceeding where this court should abstain. The district court for this District is at this time the busiest court in the country and is in no position to try this matter with the dispatch that the trustee desires. As a practical matter, the trustee would be better served to refer this claim to California counsel for prosecution in either the state or federal court which is best equipped to provide prompt resolution.

Because either party may demand trial de novo of any issue after a non-core matter is tried before a bankruptcy court, no apparent practical benefit is derived from an initial trial before the bankruptcy court. The matter might as well be tried just once and with finality either in the district court or in the state court. The defendant desires a jury, which is probably not available in the bankruptcy court. This is, of course,

A. Jay Cristol, Julie Feigeles, Cristol, Mishan & Sloto, Miami, Fla., for trustee.

Jennifer R. Landess, Berkeley, Cal., for defendant.

## ORDER OF ABSTENTION AND DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

This adversary complaint is by a trustee for the collection of an $11,833 account

precisely the kind of litigation which the Supreme Court has properly held can only be tried within the federal system by a judge with lifetime tenure and, therefore, not by a bankruptcy judge.

Therefore, for each and all of the foregoing considerations, this court elects to abstain from hearing this controversy and, therefore, this complaint is dismissed without prejudice to the trustee pursuing its claim in the appropriate non-bankruptcy forum.

If, contrary to my understanding of 28 U.S.C. § 1334(c), this court lacks the authority to enter a final order of absention, I respectfully request that this Order be treated as a recommendation that the District Court enter a final order of abstention.