In re BAR M PETROLEUM COMPANY, INC. d/b/a Bar M Petroleum Co., Inc., Debtor.

Michael G. COLVARD, Trustee

v.

GULF STATES DRILLING CO., INC.

Bankruptcy No. 5–82–00570E.
Adv. No. 5–85–0194E.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

July 15, 1986.

Michael G. Colvard, Martin, Shannon & Drought, Inc., San Antonio, Tex., for trustee and plaintiff.

Samuel D. Dibrell, San Antonio, Tex., for debtor.

Alan Schulman, Vinson & Elkins, D. Bobbitt Noel, Jr., Houston, Tex., for defendant.

## MEMORANDUM OPINION

JOSEPH C. ELLIOTT, Chief Judge.

On the 12th day of March, 1986, came on to be heard the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Abstain under 28 U.S.C. § 1334(c), filed in the above styled and numbered Adversary Proceeding. After having heard the arguments of counsel and having reviewed the pleadings and briefs on file, as well as the post-hearing supplemental letter briefs submitted by the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FACTS

The Trustee in this Chapter 11 case has filed an Adversary Proceeding against Gulf States Drilling Co., Inc. ("Defendant") in which the Trustee claims three grounds for relief: in Count I of the Amended Complaint he alleges breach of contract and warranty and seeks compensatory damages; in Count II Trustee asserts a counterclaim to the proof of claim in the amount of $12,773,620.83, filed by Defendant against the estate, and seeks to offset Defendant's claim, if any, against the counterclaim; in Count III he seeks equitable subordination under 11 U.S.C. § 510 of Defendant's claim, if any. The last of these Counts, the equitable subordination claim, has been reserved by the parties and is not in issue here. Defendant has filed a Motion to Dismiss the Complaint on the grounds that this Court lacks jurisdiction under 28 U.S.C. § 157 because this proceeding is not a core proceeding. In the alternative, Defendant in its Motion asks the Court to abstain under 28 U.S.C. § 1334(c)(1) from hearing Trustee's Complaint.

## DISCUSSION AND CONCLUSIONS OF LAW

28 U.S.C. § 1334(b) confers on the District Court original, but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11, and 28 U.S.C. § 157(a) permits referral by the District Court to the Bankruptcy Court of all those proceedings listed in § 1334(b). Pursuant to the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc of the United States District Court for the Western District of Texas, entered on August 13, 1984, all such proceedings were in fact referred to this Court.

Defendant by its Motion to Dismiss has asserted only that this matter may not be finally determined by this Court, because it is not a core proceeding arising under or arising in a case under Title 11. *See* 28 U.S.C. § 157(b). Because the Court holds that this is a core proceeding, it is unnecessary to address the issue of whether dismissal of this action, as requested by Defendant, would be proper should the Court have found it was not a core proceeding.

Defendant's motions require this Court to determine whether the Adversary Proceeding is a core proceeding or a related proceeding. 28 U.S.C. § 157(b)(3). If it is a core proceeding, this Court may hear and finally determine the matter. *Id.* § 157(b)(1). If it is not core, but only a proceeding "that is otherwise related to a case under Title 11," the Bankruptcy Court may hear the matter, but may only submit proposed Findings of Fact and Conclusions of Law to the District Court, for review *de novo* in that Court. *Id.* § 157(c)(1).

The substantive law that would be applied in determining the Trustee's claims as set forth in Counts I and II of the Amended Complaint is State law. Section 157(b)(3) provides, however that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."

The Trustee has claimed in his Amended Complaint only that this is a core proceeding under § 157(b)(2)(O), which provides:

(b) Core proceedings include, but are not limited to—... (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security

holder relationship, except personal injury tort or wrongful death claims. However, in their post-hearing letter briefs, both parties have addressed the question of whether the matter may be a core proceeding under § 157(b)(2)(C), which provides that "counterclaims by the estate against persons filing claims against the estate" are core proceedings. Both because the parties have addressed the issue themselves, and because under § 157(b)(3) this Court is required to determine the core/non-core nature of the proceedings even if not moved by the parties to do so, the Court will consider whether the matter is a core proceeding under § 157(b)(2)(C) even in the absence of a formal pleading so alleging.

Undoubtedly, the Trustee's claims fall within the broad literal terms of both subsections (C) and (O). This Court agrees, however, with the majority of courts which have construed § 157(b)(2)(A)–(O) that the list provided therein must be interpreted in light of the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See e.g. Zweygardt v. Colorado National Bank of Denver,* 52 B.R. 229 (Bankr.D. Colo.1985); *Cameron v. Anderson (In re American Energy, Inc.),* 50 B.R. 175 (Bankr.D.N.D.1985); *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.),* 42 B.R. 246 (Bankr.E.D.Mich. 1984). Read literally and broadly, § 157(b)(2)(O) would encompass even the lawsuit that was the subject of the *Marathon* decision. Subsection (b)(2)(C), if read to include every counterclaim of the estate, would permit a kind of "jurisdiction by ambush" that is impermissible. *Nanodata Computer Corp. v. Kollmorgen Corp. (In re Nanodata Computer Corp.),* 52 B.R. 334, 342 (Bankr.W.D.N.Y.1985). *See also Flournoy v. Ford Motor Credit Company (In re Bryant),* 626 F.2d 492, 494 (5th Cir.1980) (filing of a proof of claim does not in itself constitute a waiver of an objection to jurisdiction). To determine if the Trustee's claims are core proceedings, therefore, requires close examination of the Supreme Court's holding in *Marathon* and comparison of the facts in that case with those presented here.

*Marathon* involved a lawsuit brought by the Chapter 11 Debtor-in-Possession in the Bankruptcy Court, in which the Debtor asserted breach of contract and warranty, misrepresentation, coercion and duress. *Marathon,* 458 U.S. at 56, 102 S.Ct. at 2863. The Plaintiff's cause of action arose pre-petition and solely under State law. The Defendant had not filed a proof of claim in, and had no other connection with, the bankruptcy case.

The instant case is on point with the facts in the *Marathon* case, except for one crucial fact. Defendant Gulf States Drilling Co., Inc. has filed a proof of claim in the Chapter 11 case in the amount of $12,-773,620.83. After Defendant's proof of claim was filed, the Trustee filed the instant Adversary Proceeding. The Amended Complaint alleges, among other things, that Defendant has failed and refused to perform its obligations under five contracts, which contracts form the basis for the Defendant's proof of claim.

The facts alleged in the Amended Complaint under the heading "General Allegations" support the cause of action for breach of the contracts and breach of warranty set forth in Count I. Although not expressly labelled as such, those facts constitute in substance an objection to the proof of claim in which Defendant seeks to recover on those contracts. Bankruptcy Rule 3007 provides that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Rule 7001(1) refers to actions, among others, for the recovery of money. The Trustee's inclusion of Count I of the Amended Complaint, seeking compensatory damages for breach of contract and warranty, thus requires that procedurally Trustee's objection be brought as a complaint, and not as a contested matter styled "Objection to Claim".

Although Count II of the Amended Complaint does not recite the facts or the legal

grounds which support the counterclaim asserted therein, it is obvious that those facts recited in the General Allegations, and the cause of action set forth in Count I, the breach of contract and warranty count, form the basis of the counterclaim as well. Thus, between the two counts and the facts recited in the Amended Complaint, the Trustee asserts (1) an objection to the allowance of the claim of Defendant; (2) a counterclaim and the right to set off Trustee's recovery thereunder against Defendant's claim, if any; and (3) a claim for affirmative relief in the form of compensatory damages over and above the amount, if any, owed by the estate on Defendant's claim.

This analysis of the Trustee's Amended Complaint reveals that the case is distinguishable from the *Marathon* case and compels the Court's finding that it is a core proceeding. By filing a proof of claim, Defendant has become a party in interest in the Chapter 11 case and is asserting a right to participate in the distribution under the Debtor's Plan. Section 157(b)(2)(B) lists the allowance or disallowance of claims against the estate as core proceedings, and 11 U.S.C. § 502(b) requires Court to determine the amount of a claim where the claim has been objected to.

There is no doubt that this Court can make a final determination of the allowance of a claim in the bankruptcy case. *Lessor v. A–Z Associates (In re Lion Capital Group)*, 46 B.R. 850, 860 (Bankr.S.D.N.Y.1985) ("[a]djustment of claims against an estate has been and remains central to bankruptcy proceedings"). The fact that the Court's determination will depend on State law does not change the result. 28 U.S.C. § 157(b)(3).

The Supreme Court in *Marathon* held that where the Debtor's claim involves "a right created by State law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy Court," it may not be determined by the Article I Judges of that Court. *Marathon*, 458 U.S. at 84, 102 S.Ct. at 2878. The counterclaim in Trustee's

Amended Complaint, having the same factual and legal basis as an objection to the claim of Defendant, is not "a right independent of ... the reorganization petition." Although the counterclaim involves rights created by State law, antecedent to the filing of the petition, the lawsuit is not "before the Bankruptcy Court only because the plaintiff has previously filed a petition for reorganization in that court," as was the case in *Marathon*. *Id.* at 90, 102 S.Ct. at 2881 (Rehnquist, J. concurring). Trustee filed its Complaint only after Defendant filed its proof of claim, and under 11 U.S.C. § 506(a) the filed claim is deemed allowed unless objected to. The issues here are raised as a core proceeding arising in the case, not in the context of a State Court suit. *Cf. Zweygardt v. Colorado National Bank of Denver*, 52 B.R. 229 (Bankr.D. Colo.1985) (holding that Debtor's suit, based on pre-petition fraud, false representation and breach of contract, was a related proceeding because the issues raised therein were raised in the context of a State Court suit, not a core proceeding arising in the case.) While the facts alleged by the Trustee could have been the basis for a State Court suit commenced totally independently of the Chapter 11 case, the counterclaim, supported coincidently by those same facts, could only be asserted in the Debtor's reorganization case in which the claim of Defendant was filed. *Cf. id.* (lawsuit was related proceeding where it could have been commenced totally independently of the bankruptcy case).

■ Defendant argues that the procedural characterization of Trustee's claim as a counterclaim is insufficient to confer jurisdiction in the Bankruptcy Court to finally determine the claim. This Court disagrees. "[t]he restructuring of debtor-creditor relations ... is at the core of the federal bankruptcy power." *Marathon*, 458 U.S. at 71, 102 S.Ct. at 2871. That restructuring must involve the determination of creditors' claims. Most of those claims also are based on State law and arise pre-petition. The same facts which might be asserted by a creditor in a State Court suit, totally

independent of the bankruptcy case, when "procedurally characterized" as a claim in the bankruptcy case, may be finally determined by the Bankruptcy Court. Similarly, a Trustee's claim based on State law, "procedurally characterized" as a counterclaim to a creditor's proof of claim, may be finally determined by this Court in the process of determining whether the creditor's claim should be allowed. *See Mauldin v. Peoples Bank of Indianola (In re Mauldin)*, 52 B.R. 838, 841 (Bankr.N.D.Miss.1985) (holding that Debtor's claim against bank for compensatory and punitive damages for bank's refusal to honor line of credit and extend new financing was related proceeding, but noting that "the provisions of 28 U.S.C. § 157(b)(2)(C) are not applicable to this matter in that no objection has been filed to the Defendant's proof of claim, and neither the complaint nor the proposed amended complaint are structured as a counterclaim. Conceivably, if the pleadings were restructured, a different result might well be forthcoming as to whether this proceeding was, in fact, a core proceeding.").

The Court holds that this is the sort of counterclaim, arising out of the same transaction as Defendant's claim, that falls within § 157(b)(2)(C) as a core proceeding. *Lombard-Wall, Inc. v. New York City Housing Development Corp. (In re Lombard-Wall, Inc.)*, 48 B.R. 986, 991 (S.D.N.Y. 1985) ("courts have traditionally permitted bankruptcy courts to assert jurisdiction over counterclaims by a trustee only when there exists some connection between the claims of the creditor and those of the trustee"); *accord, Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (M.D.Ga. 1985); and *Marketing Resources International Corp. v. PTC Corp. (In re Marketing Resources International Corp.)*, 43 B.R. 71 (Bankr.E.D.Pa.1984). *See also Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.)*, 48 B.R. 49 (Bankr. S.D.Ohio 1985) (bankruptcy court had jurisdiction to finally determine Debtor's counterclaims because, by filing its proofs of claim, creditor had consented to jurisdiction over counterclaims.)

As to Count I of Trustee's Amended Complaint in which he seeks affirmative relief, the Court holds that it too is a core proceeding, whether characterized as a counterclaim seeking affirmative relief, or as a proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. The claim for breach of contract and warranty is based on the same facts and legal theories as the counterclaim. Under *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966), this Court has jurisdiction over a counterclaim which seeks affirmative relief, where jurisdiction exists to determine an objection to claim that does not seek affirmative relief, and adjudication of that objection to claim resolves all the issues raised in the counterclaim. *See also Flournoy v. Ford Motor Credit Company (In re Bryant)*, 626 F.2d 492, 494 (5th Cir.1980) (*Katchen* limited to cases where "all of the substantial factual and legal bases for [a demand by the trustee for affirmative relief have been] disposed of in passing on objections to the claim.") To the extent the comments of the plurality in *Marathon* might be interpreted as questioning the constitutionality of *Katchen*, this Court finds that that discussion of *Katchen* reflects at most the opinion of the plurality of the Court, and finds that the reasoning of the majority as reflected in Justice Rehnquist's concurrence supports the continued relevance and precedential value of *Katchen*. *Compare Marathon*, 458 U.S. at 79 n. 31, 102 S.Ct. at 2876 n. 31 *with Marathon*, 458 U.S. at 90, 102 S.Ct. at 2887 (Rehnquist, J. concurring) (limiting the decision of the majority of the Court to the facts of the case, including the fact that Marathon had filed no claim in the bankruptcy case, and refusing to extend the Court's holding "to the exercise of a different authority" by the Bankruptcy Court, other than the authority to determine the particular lawsuit under consideration under the facts as presented.)

▮ The Court holds that this Adversary Proceeding, insofar as Counts I and II of the Amended Complaint are concerned,

constitutes a core proceeding that may be finally determined by the Bankruptcy Court. In so holding, the Court acknowledges those decisions in which a contrary result has been reached. See *Braucher v. Continental Illinois National Bank and Trust Co. of Chicago (In re Illinois-California Express, Inc.)*, 50 B.R. 232 (Bankr. D.Colo.1985) (holding counterclaim was a related proceeding); *accord, Bokum Resources Corp. v. Long Island Lighting Co. (In re Bokum Resources Corp.)*, 49 B.R. 854 (Bankr.D.N.M.1985). However, for the reasons stated above, this Court respectfully declines to follow those decisions. Defendant has also moved this Court to abstain from hearing this matter. The Trustee offered testimony at the hearing on Defendant's Motion to the effect that Defendant's claim is the only remaining contested matter to be resolved in this case, and that the alleged breach of the contracts was the determinative factor resulting in Bar M Petroelum Company, Inc.'s bankruptcy case. Thus, the need for an expeditious adjudication of the matters raised in this Adversary Proceeding, and the importance of such adjudication to the bankruptcy case itself are substantial. Most importantly, Defendant has commenced five State Court lawsuits in five different counties on the contracts that are the subject matter of its claim against the estate and of Trustee's Amended Complaint. This Court's abstention in this matter would impose an undue hardship and expense on Trustee in litigating these matters in so many forums. Thus, the Court declines to exercise its discretion and abstain under 28 U.S.C. § 1334(c)(1).

In conclusion, the Court holds that this matter constitutes a core proceeding and declines to abstain from hearing and finally determining the matter on its merits.