In re The ARISTERA
COMPANY, Debtor.

The ARISTERA COMPANY, Plaintiff,

v.

A.H. CHANEY d/b/a Chaney
Trucking, Defendant.

Bankruptcy No. 584–50220.

Adv. No. 585–5003.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Oct. 11, 1986.

R. Byrn Bass, Jr., Bass & Hobbs, Lubbock, Tex., for debtor.

Susan F. Austin, Kemp, Smith, Duncan & Hammond, El Paso, Tex., for Chaney.

### MEMORANDUM OF OPINION CONCERNING JURISDICTION

JOHN C. AKARD, Bankruptcy Judge.

The Aristera Company (Debtor) filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on August 29, 1984. On January 4, 1985, the Debtor filed this Adversary Proceeding against A.H.

Chaney d/b/a Chaney Trucking (Chaney) alleging four grounds of recovery:

  a. The Debtor's sale to Chaney of 3,349.05 tons of sand at $5.00 per ton for a total claim of $16,745.25. No invoices are attached to the Complaint and it is not clear from the Complaint whether this account arose before or after the filing of the Debtor's Petition under Chapter 11. The brief filed by the Debtor asserts that the sand was sold to Chaney postpetition.

  b. The sum of $8,319.80 for services previously rendered and billed.[1]

  c. Punitive damages in the amount of $10,000.00.

  d. Attorney's fees in the amount of $2,500.00.

Chaney filed a Motion to Dismiss for Want of Jurisdiction, or in the Alternative, Motion to Abstain. Both parties have filed briefs with respect to that Motion.

### Jurisdiction

Congress passed The Bankruptcy Amendments and Federal Judgeship Act of 1984 (Act) in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The President signed it on July 10, 1984. Title I of the Act, relating to jurisdiction, became effective on that date, with a few exceptions not pertinent here. The Debtor filed its Chapter 11 proceeding after the effective date of that Act.

In 28 U.S.C. § 1334 the United States District Courts are given original and exclusive jurisdiction of all cases under title 11 (the Bankruptcy Code) and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.*

The District Court may decide "that any or all cases arising under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges

for the district." 28 U.S.C. § 157(a). On August 3, 1984, the Honorable Halbert O. Woodward, Chief Judge of the Northern District of Texas, entered an order following the language of this statute, referring all bankruptcy cases and proceedings to the bankruptcy judges.

Bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11," referred from the District Court and may enter appropriate orders and judgments in such matters subject to review. 28 U.S.C. § 157(b)(1). It is the Courts feeling that the last phrase of this statute should be interpreted to read "or core proceedings arising in a case under title 11."

11 U.S.C. § 157(b)(2) contains a laundry list of core proceedings along with the admonition that core proceedings include, "but are not limited to," the items listed.

Bankruptcy judges are not limited to hearing core matters only; they may also hear any proceeding "that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). After hearing such proceedings the bankruptcy judge submits proposed findings of fact and conclusions of law to the District Court. The district judge, after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected, enters a final order or judgment.

The Debtor's claims in this proceeding are either "arising in" or "related to" a case under title 11 to which jurisdiction was granted to the United States District Court and referred by that court to the bankruptcy judges.

### Is This a Core Proceeding?

The bankruptcy judge must determine whether a proceeding is a core proceeding or is a proceeding that is otherwise related to a case under Title 11. A determination that a proceeding is *not* a core proceeding

---

1. Presumably this is a prepetition account receivable.

shall *not* be made solely on the basis that its resolution may be affected by state law. 28 U.S.C. § 157(b)(3). The questions presented in the instant Adversary Proceeding are purely questions of state law.

There is no agreement among bankruptcy courts as to whether the collection of accounts receivable constitutes a core matter. Some courts hold that it is a core matter, pointing out that the prompt collection of assets is essential to efficient administration of the bankruptcy case and, thus, find that collection of accounts receivable are "matters concerning the administration of the estate" under 28 U.S.C. § 157(b)(2)(A) or that the collection of accounts receivable is a proceeding "to turn over property of the estate" under 28 U.S.C. § 157(b)(2)(E). *Franklin Computer Corp. v Harry Strauss & Sons, Inc.* (*In re Franklin Computer Corp.*), 50 B.R. 620 (Bankr.E.D.Pa.1985).

Judge Harold Abramson of the Northern District of Texas specifically rejected the turnover of property of the estate argument in *Satelco, Inc. v. North American Publishers, Inc.* (*In re Satelco, Inc.*), 58 B.R. 781 (Bankr.N.D.Tex.1986). In *Satelco* the Debtor also suggested that the collection of accounts receivable was a core proceeding under 28 U.S.C. § 157(b)(2)(O) because it was another proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. Judge Abramson stated that such a broad reading of that section would violate the principles laid down by the Supreme Court in *Marathon.* Therefore he refused to enter a final order in the Debtor's efforts to collect accounts receivable, but allowed the attorney for the Debtor to replead under 28 U.S.C. § 157(c), so the matter might be handled as a related matter, to move to withdraw the reference from the Bankruptcy Court to the District Court, or to proceed in state court. *Id.* at 789.

It appears that the accounts receivable in both the *Franklin Computer* and *Satelco* cases were prepetition accounts receivable. It could be argued that postpetition accounts receivable more directly affect the administration of the bankruptcy estate and that parties dealing with a Debtor in a Chapter 11 proceeding should know that any disputes will be resolved by the Bankruptcy Court. This Court is aware of only two cases which dealt with postpetition accounts receivable. The first, without further discussion, simply stated "this is a non-core related matter." *Cristol v. Western Book Distributors* (*In re Schear & Associates, Inc.,* 47 B.R. 544 (Bankr.S.D. Fla.1985). A contrary view was expressed in *L.A. Clarke and Son, Inc. v. Bullock Construction, Inc.* (*In re L.A. Clarke and Son, Inc.*), 51 B.R. 31 (Bankr.D.C.1985) which held that the postpetition account receivable arose in the case under title 11 and, thus, was a matter concerning administration of the estate under § 157(b)(2)(A). The *Clarke* Court's finding that this was a core proceeding is somewhat diluted by the fact that the Defendant had filed a cross-action which the Court said was a claim against the estate. The allowance or disallowance of claims against the estate are in the laundry list of core proceedings, § 157(b)(2)(B). After citing both of these cases, *Collier on Bankruptcy* states "The better result is that the proceeding is core; that such a cause of action clearly 'arises in' the title 11 case, and was not owned by the debtor at the time the title 11 case was commenced." 1 *Collier on Bankruptcy,* 15th Ed. ¶ 3.01 p. 3–41.

In this Adversary Proceeding the Debtor attempts to collect both prepetition and postpetition accounts receivable. This Court agrees with *Satelco* that the collection of prepetition accounts receivable is not a core proceeding. Although a stronger case can be made for construing the collection of postpetition accounts receivable as a core proceeding, such an action is not included in the § 157(b)(2) laundry list and this Court is not inclined to extend the definition of core proceedings that far. The collection of postpetition accounts receivable is "otherwise related" to the case under title 11 and is a matter which this Court may hear and make findings of fact

and conclusions of law pursuant to § 157(c)(1).

### Abstention

■ Chaney suggests that this Court is required to abstain from hearing this Adversary Proceeding by 28 U.S.C. § 1334(c)(2) which reads, in pertinent part, as follows:

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This subsection relates to an action already commenced in the state court. Since there was no action pending in the state court when this bankruptcy proceeding was filed, the foregoing section is not applicable.

Additionally, Chaney asserts that this Court should abstain pursuant to 28 U.S.C. § 1334(c)(1) which reads as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The references in the foregoing subsection to "a district court" mean the Bankruptcy Court as a result of the Order of Reference described previously. Chaney is a resident of El Paso, Texas, which is approximately 300 miles distant from Lubbock, Texas where this Court sits. Three hundred miles is not considered a great distance in West Texas. Good airplane service exists between the cities and travel time is approximately one hour. The Debtor's Com-plaint indicates that Chaney secured sand at the Debtor's place of business in Seminole, Texas, which is only a short distance from Lubbock. Obviously Chaney does business in this part of the State. For these reasons, it would not be a burden on Chaney to have this matter heard in Lubbock, Texas. Thus, there is no reason for this Court to abstain in the interest of justice.

The matters of state law alleged in the Complaint are neither novel nor complicated and, thus, neither the interest of comity with state courts nor respect for state law require that this Court abstain. This Court is aware of the backlog of cases on the El Paso state courts' dockets. If this matter were referred to the state courts, there would be at least a one-year delay—and perhaps as much as a three-year delay—before the matter could be heard. The Bankruptcy Court can take up the matter more quickly. It would be in the best interests of the parties and other creditors to have these matters resolved and, if Chaney is indebted to the Debtor, to have the obligation paid so that the Debtor may proceed with its reorganization without needless delay.

### Conclusion

For the reasons stated, this Court finds that it has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(c) and respectfully declines to abstain from hearing the matter.

Order accordingly.[2]

---

2. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052.