## In re OLYMPIA HOLDING CORPORATION, f/k/a P–I–E Nationwide, Inc., Debtor.

**Lloyd T. WHITAKER, as Trustee of the Estate of Olympia Holding Corporation, Debtor, Plaintiff,**

v.

**LANCECO, INC., Defendant.**

Bankruptcy No. 90–4223–BKC–3P7.

Adv. No. 91–1967.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 29, 1992.

See also 129 B.R. 679.

George E. Ridge, Jacksonville, Fla., for plaintiff.

David E. Otero, Jacksonville, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon the motion of Defendant to dismiss the complaint for lack of venue. After a hearing before the Court on March 19, 1992, and upon evidence presented by the defendant in the form of an uncontroverted affidavit, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The plaintiff, the Chapter 7 trustee of Olympia Holding Company, a/k/a P*I*E Nationwide, Inc. ("P*I*E"), initiated this adversary proceeding by filing a Complaint for Turnover of Property and for Money Judgment, seeking to collect from defendant unpaid freight charges in connection with the shipments that are listed on Exhibit "A" to the complaint. P*I*E was formerly a motor common and contract carrier and the defendant was a shipper which is alleged to have used the plaintiff's services to carry freight.

The defendant responded to the complaint by filing its Motion to Dismiss for Lack of Venue and Memorandum in Support Thereof (the "Motion"). The defendant stated in the Motion that the shipments that are the subject of the complaint predominantly occurred after P*I*E filed its Chapter 11 bankruptcy petition on October 16, 1990, and the majority of the dollar amount sought by the trustee also arose in connection with post-petition shipments. Therefore, the defendant maintained that venue did not lie in this district because venue properly lies in the district in which the defendant resides or does substantial business for post-petition claims.

The defendant supported the Motion with the Affidavit of Defendant Lanceco, Inc., dated March 9, 1992 (the "Affidavit"). The Affidavit provides evidence in support of the Motion, stating that the affiant made the Affidavit of his personal knowledge, is an officer of the defendant, and is familiar with the complaint. The Affidavit further states that the shipments that are the subject matter of the proceeding predominantly occurred after October 16, 1990 and a majority of the amount sought by the plain-

tiff is in connection with post October 16, 1990 shipments. The Affidavit also indicates that the defendant is headquartered in Kentucky, and is registered to do business only in that state, Illinois, and Indiana; that none of the shipments that form the basis for complaint originated in Florida; that the defendant does not do substantial business in Florida, is not qualified nor has it ever been qualified to do business in Florida, does not maintain a place of business nor did it ever have a place of business in Florida. The Affiant has no employees, nor has it ever had employees in Florida. The Affidavit indicates the defendant was not served with any process in this proceeding in the State of Florida.

The Affidavit is uncontroverted and the plaintiff offered no evidence in the form of affidavit or otherwise in opposition to the Motion.

### Conclusions of Law

The complaint states that venue is proper in this Court under 28 U.S.C. § 1409(a). 28 U.S.C. § 1409(a) does not apply to this adversary proceeding, however, because the amounts sought by the plaintiff in the proceeding arose from predominantly post-petition shipments. 28 U.S.C. § 1409(a) is subject to the mandatory exception contained in § 1409(d) that the trustee may only commence an action based on a claim arising after the filing date in a forum where venue is proper under applicable non-bankruptcy venue provisions.

As shown by the Affidavit and as conceded by counsel for the plaintiff at the hearing, there is no dispute that these amounts are predominantly post-petition in nature. Thus, if venue is to be proper in this district, it must be under applicable non-bankruptcy venue laws. *See In re All American of Ashburn,* 49 B.R. 926 (Bankr. N.D.Ga.1985); *see also In re Continental,* 61 B.R. 758 (S.D.Texas 1986); *In re Shear,* 47 B.R. 544 (Bankr.S.D.Fla.1985) (Judge Britton); and *In re Greiner,* 45 B.R. 715 (Bankr.D.N.D.1985).

Non-bankruptcy federal venue laws are found in 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(b) and (c), venue over a defendant corporation is only proper in districts in which it has contacts which would be sufficient to subject it to personal jurisdiction if that district were a separate state or in districts where a substantial part of the events that led to the subject claim occurred.

The plaintiff argues that federal venue law does not apply, and instead this Court should apply Florida venue laws, stating that this proceeding does not raise federal questions because it is not an action affecting interstate commerce. The defendant disagrees, stating that it is an action brought under the Interstate Commerce Act. The Court does not need to reach this point, however, because the plaintiff has not presented any evidence showing that venue is proper in any federal or state court in Florida or anywhere else. The Court only has before it the uncontroverted Affidavit, which contains sworn testimony that shows that venue does not lie against the Defendant anywhere in this district.

Having decided that this Court is not the proper venue for this proceeding, the Court does not need to reach the issue of whether this proceeding should be transferred or dismissed because, after the Court announced its ruling on the venue at the hearing on the Motion, the plaintiff requested the Court dismiss the proceeding.

### Conclusion

Based on the foregoing reasons, the Court determines that the Motion should be granted and this adversary proceeding should be dismissed without prejudice to the plaintiff refiling an action in an appropriate court.

The Court will enter a separate order.