**In re FANG OPERATORS, INC., Debtor.**

**FANG OPERATORS, INC., Plaintiff,**

v.

**Darrell CARPENTER and Stanley Martin, Defendants.**

**Bankruptcy No. 592–50375.
Adv. No. 593–5030.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Sept. 22, 1993.

Max R. Tarbox, McWhorter, Cobb & Johnson, L.L.P., Lubbock, TX, for debtor.

Jack McClendon, and Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, L.L.P., Lubbock, TX, for defendants.

### MEMORANDUM OF OPINION ON JURISDICTION

JOHN C. AKARD, Bankruptcy Judge.

The principal issue presented in this case is whether the court has jurisdiction over the Debtor's Complaint to Compel Turnover of Property under 28 U.S.C. § 157 (West Supp.1992). The court holds that it has jurisdiction over this adversary action because the defendants, Carpenter and Martin, consented to jurisdiction when they filed a proof of claim prior to the time Fang

Operators filed its Complaint to Compel Turnover of Property against them.[1]

## FACTS

In April 1992, Fang Operators, Inc. (Debtor) filed a Chapter 11 petition. On July 22, 1992, Carpenter Services filed a proof of claim in the amount of $36,205.46 (No. 3 on the court's claim docket). There is no indication either in this claim or in the other case documents that Carpenter Services is incorporated. The claim is signed by S.L. Martin whom the court understands to be Stanley Martin, the movant in the motion under consideration.

Carpenter Services filed an amended proof of claim on October 8, 1992, in the amount of $44,108.96 (No. 10 on the court's claim docket). Robert B. Wilson signed the amended claim as attorney for Carpenter Services. Again, the claim documents do not indicate that Carpenter Services is incorporated.

The Debtor filed this adversary action on April 30, 1993 to compel turnover of property, and named the movants in this motion, Darrell Carpenter and Stanley Martin, as defendants. Fang Operators alleges that the defendants owe it operating expenses for the defendants' interests in the Holladay C Lease, and that such property is essential to rehabilitate the Debtor's business. Debtor's Brief p. 3. The defendants argue in their Motion to Dismiss Complaint to Compel Turnover of Property that (1) they owe nothing to the Debtor for operating expenses because their interests are overriding royalty interests, not working interests; (2) a disputed contract claim that is based on state law cannot be decided in a turnover proceeding; and (3) allowing a disputed debt to be collected by a turnover proceeding would deprive the defendants of their procedural safeguards. Defendants' Brief pp. 2–4.

Initially, the court questioned whether Darrell Carpenter and Stanley Martin were properly named as parties in the Debtor's motion. Attached to the brief defendants

submitted on their Motion to Dismiss are copies of two assignments. The first assignment (Exhibit A) was made by Petroleum Group, Inc. to Carpenter Services Company. The assignment conveyed a 12% interest in certain oil, gas and mineral leases located in Scurry County, Texas, including the Holladay C lease. The assignment was executed on December 16, 1983, and was recorded on March 5, 1984. Again, there is no indication that Carpenter Services is incorporated.

The second assignment (Exhibit B), executed May 27, 1986 and recorded June 4, 1986, purported to convey certain oil, gas and mineral lease interests from Darrell Carpenter and Brenda Sue Carpenter to S.L. Martin, Inc. According to the terms of this assignment, the interests assigned were those formerly held by Drab Carpenter, Inc. Among the interests conveyed were those in the Holladay C lease. However, the second assignment was signed by Darrell Carpenter as President, and Brenda Sue Carpenter as Secretary, of Drab Carpenter, Inc., even though the wording in the body of the assignment shows that the assignors were conveying the interests individually as successors to Drab Carpenter, Inc.

After examining the assignment documents, the court concludes that they do not show a clear chain of title because the Carpenters signed as officers of Drab Carpenter, Inc. while the language of the assignment states that the couple made the assignment individually and not as officers of Drab Carpenter, Inc. Therefore, Carpenter Services and Darrell Carpenter are necessary parties. Furthermore, while there is no indication that Stanley Martin individually was the assignee in the second assignment, he did sign the original proof of claim as representing Carpenter Services. Therefore the court finds that these are the same parties involved in both the original and amended proofs of claim filed in the Debtor's case, and that the Debtor's Motion to Compel Turnover of Property

---

1. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052. This Memorandum will be published.

correctly named both Carpenter and Martin as defendants.

The list of equity security holders in the Debtor's statement of financial affairs reveals that the Debtor's stock is owned as follows:

| Darrell Carpenter | 10% interest in all stock |
| Stanley Martin | 10% interest in all stock |
| Carl Smith | 40% of all common stock |
| Jackie Smith | 40% of all common stock |

Evidence in the file also indicates that Mr. Carpenter served as President of the Debtor, which is a small, closely-held corporation. Thus, the court considers that both Mr. Carpenter and Mr. Martin are insiders. *See* 11 U.S.C. § 101(31)(B). In the interest of judicial economy, insider matters should be handled by the same bankruptcy court hearing the bankruptcy case.

## DISCUSSION

28 U.S.C. § 157(b)(1) gives bankruptcy judges jurisdiction to hear and decide "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11...." Section 157(b)(2) then lists a non-exclusive series of proceedings which are core proceedings under the statute. It includes claims against the estate and orders to turn over property of the estate. If a proceeding before the bankruptcy court is not a core proceeding, the court may hear it and submit proposed findings of fact and conclusions of law to the district court. The district court enters a final judgment after considering the proposed findings and reviewing de novo any matter to which a party timely objected.

The original adversary complaint filed by Fang Operators is styled "Complaint to Compel Turnover of Property." This court held previously that a suit for collection of prepetition accounts receivable is not a core proceeding. *The Aristera Co. v. A.H. Chaney (In re The Aristera Co.)*, 65 B.R. 928, 930 (Bankr.N.D.Tex.1986). The court agreed with Judge Harold Abramson's reasoning in *Satelco, Inc. v. North Amer. Publishers, Inc. (In re Satelco, Inc.)*, 58 B.R. 781 (Bankr.N.D.Tex.1986). Judge Abramson rejected the idea that collection of accounts receivable was a core proceeding either under 28 U.S.C. § 157(b)(2)(A) or

under 28 U.S.C. § 157(b)(2)(E). In *Satelco*, the debtor filed a complaint to compel turnover of property, but the defendant had not filed a proof of claim against the debtor's estate and denied that it owed the debtor anything. The *Satelco* court held that actions to collect prepetition accounts receivable which are based on state law contract principles do not constitute turnover actions under § 157(b)(2)(E) without a final judgment from a court of competent jurisdiction or another binding determination of liability. The court also rejected using § 157(b)(2)(O) as a basis for the bankruptcy court to acquire jurisdiction because doing so would be incompatible with the United States Supreme Court's holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See also Charter Crude Oil Co. v. Exxon Co. (In re Charter Co.)*, 913 F.2d 1575 (11th Cir.1990) (holding that turnover proceedings cannot be used to liquidate disputed contract claims); *Chick Smith Ford, Inc. v. Ford Motor Credit Co. (In re Chick Smith Ford, Inc.)*, 46 B.R. 515 (Bankr.M.D.Fla.1985) (holding that using a turnover proceeding to enforce disputed money claims violates the concept of due process to which a defendant is entitled).

Although Fang Operator's accounts receivable claims against Carpenter and Martin cannot be considered a core proceeding because the defendants dispute the validity of Fang Operator's claim, Carpenter and Martin can consent to the jurisdiction of this court to consider the validity of their original and amended proofs of claim as well as any counterclaims filed by the Debtor. The seminal case concerning consent to jurisdiction resulting from the filing of a proof of claim with a bankruptcy court is *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The issue in dispute in *Katchen* was whether a bankruptcy court had summary jurisdiction to order a defendant to surrender certain voidable preferences which had been asserted and proved by the trustee in his response to a claim filed by the defendant-creditor. *Id.* at 325, 86 S.Ct. at 470. The

Supreme Court stated that a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined. *Id.* at 334, 86 S.Ct. at 475. The Court noted that it would be meaningless to require the trustee to bring a plenary action when it was within the equitable powers of the bankruptcy court to order a return of the preference during the summary proceedings on whether to allow or disallow the defendant-creditor's claim. *Id.*

The Supreme Court's holding in *Marathon* briefly called into question its prior holding in *Katchen.* However, in two cases following *Marathon, Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the Supreme Court reaffirmed the validity of its holding in *Katchen* that a creditor consents to the jurisdiction of the bankruptcy court by filing a proof of claim.

In *Granfinanciera,* the Supreme Court addressed its prior decision in *Katchen* and noted that the court's holding in the earlier case supported the court's holding in *Granfinanciera.* The Court stated:

> We read *Schoenthal* [*v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) ] and *Katchen* as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate, not upon Congress' precise definition of the "bankruptcy estate" or upon whether Congress chanced to deny jury trials to creditors who have not filed claims and who are sued by a trustee to recover an alleged preference.

492 U.S. at 58, 109 S.Ct. at 2799.

In *Langenkamp,* the Supreme Court, in a per curiam opinion, held that a creditor who submitted a claim against the debtor's estate did not have a Seventh Amendment right to a jury trial when the creditor was sued by the trustee to recover alleged preferential transfers. According to the Court, the creditor brought itself under the equitable jurisdiction of the bankruptcy court

by filing its claim. 498 U.S. at 45, 111 S.Ct. at 331. If the creditor did not submit a proof of claim then a trustee could recover such alleged preferential transfers only by filing a legal action to recover a money transfer, and the defendant-creditor would be entitled to a jury trial. *Id.*

In a 1990 opinion, the Second Circuit Court of Appeals held in *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.),* 896 F.2d 1384 (2d Cir.1990), that an adversary proceeding involving an objection to a proof of claim previously filed in the bankruptcy case was clearly within the bankruptcy function of restructuring debtor-creditor rights. As in *Marathon,* the adversary proceeding in *Manville* involved a prepetition breach of contract claim but *Manville* involved an objection to the creditor-defendant's proof of claim. *Id.* at 1389–90.

■ It is well settled that an objection to a creditor's proof of claim is within the summary jurisdiction of the bankruptcy court as a counterclaim under 28 U.S.C. § 157(b)(2)(C) (Core proceedings include, but are not limited to counterclaims by the estate against persons filing claims against the estate.). *See also Colvard v. Gulf States Drilling Co. (In re Bar M Petroleum Co.),* 63 B.R. 343, 346 (Bankr.W.D.Tex. 1986) (stating that a trustee's claim based on state law that is procedurally a counterclaim may be "finally decided" by the court as it decides whether a creditor's claim should be allowed).

Courts have also addressed the question whether a proceeding should be characterized as a counterclaim or an objection to a proof of claim. Some courts hold that the complaint in question must be structured as a counterclaim. *See, e.g., Colvard, supra; Mauldin v. Peoples Bank (In re Mauldin),* 52 B.R. 838 (Bankr.N.D.Miss. 1985). Additionally, a few courts have found that merely because a creditor filed a proof of claim in a bankruptcy case did not mean that the bankruptcy court had jurisdiction over the debtor's adversary action for breach of contract and warranty

when the action was not a core proceeding. The court in *Intellitek Computer Corp. v. Kollmorgen Corp. (In re Nanodata Computer Corp.)*, 74 B.R. 766 (W.D.N.Y.1987), rejected debtor's argument that its claims against the creditor were core proceedings either as counterclaims under § 157(b)(2)(C) or under the catch-all provision, § 157(b)(2)(O). *Id.* at 769–70 (quoting with approval the bankruptcy court as stating that when deciding if a cause of action "arises under Title 11 or arises in a case under Title 11," the court should consider "the underlying nature of the cause of action itself and not merely the importance of that cause of action to the debtor or its creditors"); *see also, Cameron v. Anderson (In re American Energy, Inc.)*, 50 B.R. 175, 180 (Bankr.D.N.D.1985) (proceedings based solely on state law that are only tangentially related to a pending bankruptcy proceeding do not confer jurisdiction on the bankruptcy court under 28 U.S.C. § 157(c)(1) without an independent basis for federal jurisdiction).

■■■ This court disagrees with the *Nanodata* court's reasoning that the bankruptcy court could not exercise summary jurisdiction over the claim because the creditor's proof of claim and the debtor's adversary action involved routine state law claims. It is well settled that merely because a claim involves consideration of state law issues, it does not mean that a bankruptcy court cannot consider such issues. *See Gulf States*, 896 F.2d at 1389–90; *Pongetti v. Lee (In re Bingham Sys., Inc.)*, 139 B.R. 809, 814 (Bankr.N.D.Miss.1991); *Rosenfield v. Alloy & Stainless, Inc. (In re Rosenfield )*, 62 B.R. 515, 519 (Bankr.N.D.Tex. 1986). 28 U.S.C. § 157(b)(3) specifically states that the bankruptcy judge shall not determine whether a proceeding is core or non-core solely on the basis that resolution of the proceeding might be affected by state law.

One of Congress's purposes for establishing Article I bankruptcy courts was to expedite bankruptcy proceedings by consolidating the various aspects of bankruptcy cases under the jurisdiction of one court, rather than have various proceedings related to the bankruptcy spread out among different courts. *See Katchen*, 382 U.S. at 328–29, 86 S.Ct. at 471–73. By specifically including as core proceedings counterclaims brought by a debtor as a result of claims filed by creditors against the estate, Congress apparently believed that it is more efficient having a single court decide all cases based on the same facts and circumstances. *See Aristera*, 65 B.R. at 931. A number of courts reflected Congressional intent by holding that a bankruptcy court has summary jurisdiction to hear a counterclaim to a creditor's proof of claim when the proof of claim was filed first, and when the issues presented in the counterclaim and proof of claim arise out of the same facts and circumstances. *See e.g., Continental Fin. Resources, Inc. v. FDIC (In re Continental Fin. Resources, Inc.)*, 149 B.R. 260, 262–63 (Bankr.D.Mass.1993), *aff'd*, 154 B.R. 385 (D.Mass.1993); *Sun West Distribs., Inc. v. Grumman Energy Sys. Co. (In re Sun West Distribs., Inc.)*, 69 B.R. 861, 865 (Bankr.S.D.Cal.1987); *Mauldin*, 52 B.R. at 841.

As mentioned previously, in *Langenkamp v. Culp,* the Supreme Court held that filing a proof of claim triggers the process of allowance and disallowance of claims, and that the proof of claim and resulting counterclaim are integral to restructuring the relationship of the debtor and creditor by means of the bankruptcy court's equitable jurisdiction. 498 U.S. at 44, 111 S.Ct. at 331.

Therefore, the court must determine whether the Debtor's adversary action against the defendants can be considered a counterclaim. The action brought by the Debtor is not styled as a counterclaim or objection to proof of claim; it is styled a Complaint to Compel Turnover of Property. However, it meets the two determining factors of a counterclaim. *See Colvard*, 63 B.R. at 347. First, the Debtor's claim to the property which it seeks to compel the defendants to turn over to the estate arises from the same transactional basis as defendants' proof of claim—the nature of the interest in the Holladay C Lease held by the defendants. The defendants asserted

in their proof of claim that they were owed overpayments and other moneys. The Debtor, on the other hand, claims that they owe it money for their portion of the lease operating expenses. The principal question the court must answer in order to decide both the validity of the defendants' proof of claim and the Debtor's turnover action is what type of interest the defendants hold—an overriding royalty interest or a working interest. Second, the court's decision on the Debtor's complaint will be dispositive of the defendants' claims against the estate.

While the Debtor's turnover complaint is not styled as a counterclaim or objection to a claim, this is not fatal to the exercise of summary jurisdiction by this court over the Debtor's adversary action. In *Edelman v. Michigan Blueberry Growers Ass'n (In re Silver Mill Frozen Foods, Inc.)*, 80 B.R. 848, 851 (Bankr.W.D.Mich.1987), the court held that an adversary proceeding brought by the trustee to recover a preference directly did not reduce the bankruptcy court's powers simply because the proceeding was captioned "Complaint to Recover Preference," rather than "Objection to Claim." According to the court, such a distinction would be a useless formality, and to hold otherwise would state that the court's jurisdiction "... [is] determined by the caption of the pleadings, not by the form of the proceedings." *Id.* at 851.

### CONCLUSION

The situation in the present case is the same as that in *Silver Mill Frozen Foods, supra.* Despite being captioned a Complaint to Compel Turnover of Property, the proceeding brought by the Debtor is a counterclaim. It arises out of the same facts and circumstances as the defendants' claim against the estate, and a decision on the Debtor's complaint will affect the court's decision on the defendants' proof of claim. Therefore, the court holds that it has summary jurisdiction over the Debtor's Complaint to Compel Turnover of Property.

■ Although the court has jurisdiction over the Debtor's turnover complaint, the court may choose to abstain from hearing

the case. There are several factors a bankruptcy court should consider when deciding whether abstention is necessary or desirable. These factors include the type of issues presented and the expertise of the court. The principal question that must be answered to decide both the proof of claim and the Debtor's adversary proceeding is the type of interest conveyed by the assignments to the defendants. Such a determination does not present unique or undecided issues of state law. The court often considers issues of state contract law and real property law. Therefore, the court will not abstain from hearing this case.

The defendants' Motion to Dismiss Complaint to Compel Turnover of Property will be denied.